UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRVING IVAN BELTRAN GONZALEZ,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2376

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Elizabeth Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger

to the community.[1] (Pet., ECF No. 1, PageID.7.) In an Order entered on August 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response and recordings of the July 15, 2026, bond hearing, and the July 24, 2026, bond redetermination hearing on August 28, 2026, (Resp., ECF No. 6; Recording of July 15, 2026, Bond Hearing and July 24, 2026, bond redetermination hearing, filed on Aug. 28, 2026, and Petitioner filed his reply on September 8, 2026, (ECF No. 8).[2]

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2020. (Pet., ECF No. 1, PageID.11.) Petitioner entered the United States on an H-2A visa as a nonimmigrant temporary agricultural worker. (Notice to Appear (NTA), ECF No. 6-1, PageID.101.) His visa was valid from August 28, 2020, to October 25, 2020. (*Id.*). Petitioner overstayed his visa and remained in the United States without authorization. (*Id.*) On June 30, 2026, Petitioner was arrested by ICE in Wilmington, Delaware. (*Id.*; Form 1-213, (ECF No. 6-2, PageID.106–07.)

On July 15, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 6-4, PageID.111.) At that hearing, the Immigration Judge stated: "[Petitioner] cannot meet his burden to show he is not a danger." (Recording of July 15, 2026, Bond Hearing, at 3:44–3:49, filed on Aug. 28, 2026.) In a written order at the conclusion of the July 15, 2026, bond hearing, the Immigration Judge denied Petitioner's request for bond because "[Petitioner] has failed to

[1] Petitioner also filed a motion for temporary restraining order and for preservation of the Court's habeas jurisdiction. (ECF No. 2.) These requests in his motion, (ECF No. 2), are rendered moot by the issuance of the Court's opinion and judgment in this action.

[2] After Petitioner's reply was received and docketed on September 8, 2026, (ECF No. 8), Petitioner filed a motion for extension of time to file reply (ECF No. 9), received by the Court on September 14, 2026. Given that Petitioner's reply has been received and considered timely, Petitioner's motion for an extension of time is moot. (ECF No. 9.)

establish that he is not a danger to the community." (Immigration Judge Order, ECF No. 6-4, PageID.111.) Afterwards, Petitioner filed a motion for custody redetermination pursuant to 8 C.F.R. § 1236. The Immigration Judge denied Petitioner's motion stating that the motion was denied because of "No material change of circumstances." (Immigration Judge Order, ECF No. 6-6, PageID.115.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: September 22, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge